Justin Cilenti, Esq.
Peter Hans Cooper, Esq.
CILENTI & COOPER, PLLC
60 East 42nd Street – 40th Floor
New York, NY 10165
T. (212) 209-3933
F. (212) 209-7102
pcooper@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLANCA AVILA, | Case No.:   26 cv 5892 |
| Plaintiff, | **COMPLAINT in an FLSA ACTION** |
| -against- | |
| HOFFMAN CLEANING SERVICES LLC; and HENRY GEORGE RIVERA; and YENIFER ALEXANDRA GIRALDO SANCHEZ, individually, | Jury Trial Demand |
| Defendants. | ECF Case |

Plaintiff, Blanca Avila ("Plaintiff"), by and through her undersigned attorneys, Cilenti & Cooper, PLLC, respectfully files this Complaint against Defendants, Hoffman Cleaning Services, LLC, and Henry George Rivera and Yenifer Alexandra Giraldo Sanchez, individually (all defendants collectively referred to herein as the "Defendants"), and states as follows:

**INTRODUCTION**

1.      Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), she is entitled to recover from the Defendants: (1) unpaid wages, and overtime compensation; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law, she is entitled to recover from the Defendants: (1) unpaid wages; (2) overtime compensation; (3) unpaid "spread of hours" premiums for each day she worked more than ten (10) hours; (4) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (5) compensatory and/or liquidated damages for untimely payment of wages; (6) prejudgment and post-judgment interest; and (7) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 201 et seq. ("FLSA"), 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and, 1337, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District of New York, pursuant to 28 U.S.C. § 1391, because the conduct making up the basis of the complaint took place in this judicial district.

## THE PARTIES

### THE PLAINTIFF

5. Plaintiff is an adult resident of Queens County, New York.

6. Plaintiff was an employee of "Hoffman Cleaning Services" between May 10, 2021 and October 27, 2025, without interruption.

7. Plaintiff Blanca Avila was paid by Hoffman Cleaning Services, and at all times relevant to this action worked directly for Hoffman Cleaning Services, on site at various corporate and individual customers' who retained the cleaning services of Hoffman Cleaning Services, in the City of New York.

2

8.      Plaintiff Blanca Avila reported to the individual defendants, Henry George Rivera and Yenifer Alexandra Giraldo Sanchez, who scheduled, supervised and controlled her work, at Hoffman Cleaning Services.

### *THE DEFENDANTS*

9.      At relevant times, Defendant,  Hoffman Cleaning Services LLC, was and is a domestic business entity organized and existing under the laws of the State of New York, with a corporate address at 526 Seventh Avenue – basement, New York, NY 10018.

10.     At relevant times, Defendant, Henry George Rivera, is an individual who resides in New York County, New York., who owns and operates the corporate defendant Hoffman Cleaning Services LLC.

11.     At relevant times, Defendant, Yenifer Alexandra Giraldo Sanchez, is an individual whose address is unknown, who manages the corporate defendant Hoffman Cleaning Services LLC.

12.     At relevant times, Defendant,  Henry George Rivera has been and is an owner, shareholder, officer, director, supervisor, and/or managing agent, of the corporate defendant, Hoffman Cleaning Services LLC, who actively participated, and continues to participate in the day-to-day operations of the corporations, and acted intentionally and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Building Services, Inc.

13.     The individual defendant  Henry George Rivera, exercised control over the terms and conditions of Plaintiff's employment in that he has and has had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv)

3

supervise and control work of the employees, including Plaintiff, and (v) otherwise affect the quality of his employees' employment.

14. At all times relevant to this action, Defendant Henry George Rivera, created and implemented crucial business policies, including decisions concerning the number of hours the employees were required to work, the amount of pay that the employees were entitled to receive, and the method and manner by which the employees were to be paid.

15. Defendant Henry George Rivera personally signed checks given to plaintiff.

16. At all times relevant to this action, Defendant Yenifer Alexandra Giraldo Sanchez has been and is a managing agent, of the corporate defendant, Hoffman Cleaning Services, who actively participated, and continues to participate in the day-to-day operations of the company, and acted intentionally and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Hoffman Cleaning Services LLC.

17. The individual defendant Yenifer Alexandra Giraldo Sanchez, exercised control over the terms and conditions of Plaintiff's employment in that she has and has had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control work of the employees, including Plaintiff, and (v) otherwise affect the quality of her employees' employment.

18. At all times relevant to this action, Defendant Yenifer Alexandra Giraldo Sanchez, created and implemented crucial business policies, including decisions concerning the number of hours the employees were required to work, the amount of pay that the employees

4

were entitled to receive, and the method and manner by which the employees were to be paid. At times relevant to this action, Ms. Giraldo Sanchez personally delivered checks to Plaintiff.

19.     Defendant Yenifer Alexandra Giraldo Sanchez exercised sufficient control over Hoffman Cleaning Services LLC's day-to-day operations as to be considered an employer of the Plaintiff, under the FLSA and New York Labor Law.

20.     Upon information and belief, at all times relevant to the allegations in this Complaint, the corporate defendant, was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and had had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

21.     At all relevant times,  Hoffman Cleaning Services LLC was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

22.     Defendants employed Plaintiff in New York County, New York, as a cleaner sent to locations throughout the City of New York to clean offices, homes and businesses.

23.     The work performed by Plaintiff was directly essential to the cleaning company operated by the corporate and individual Defendants.

24.     At relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

25.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff, lawfully earned wages, and overtime compensation, in contravention of the FLSA and New York Labor Law.

26.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff, lawfully earned "spread of hours" premiums in contravention of the New York Labor Law.

## STATEMENT OF FACTS

27.     Plaintiff, Blanca Avila, was employed by Defendants in New York County, New York, as a cleaner at Defendants' company called "Hoffman Cleaning Services LLC", beginning on or about May 10, 2021, through October 27, 2025, without interruption.

28.     During her employment, Plaintiff Blanca Avila worked over forty (40) hours per week.

29.     Throughout her employment, Plaintiff Blanca Avila typically worked between fifty (50) and seventy (70) hours per week. She normally worked six (6) days per week.

30.     During her employment, Plaintiff Blanca Avila was not permitted to punch a time clock.  She recorded her working hours which she sent to her manager.

31.      Throughout her employment, Plaintiff was paid sixteen dollars fifty cents ($16.50) per hour, raised to seventeen dollars ($17.00) per hour for commercial cleaning and eighteen dollars ($18.00) per hour for residential cleaning; after April 2023, plaintiff was paid twenty dollars ($20.00) per hour.

32.     At all times, Plaintiff Blanca Avila was paid without overtime compensation.

33.     Plaintiff was paid by check for fifteen (15) days.

34.     Plaintiff Blanca Avila was not paid a spread of hours premium when she worked in excess of ten (10) hours in one shift.

35.     Plaintiff Blanca Avila was a manual worker as that term is used in the New York Labor Law and implementing regulations.

36.    Plaintiff Blanca Avila was paid twice per month, not weekly. Plaintiff Blanca Avila was not paid for all of the hours she worked.

37.    For example, Plaintiff Blanca Avila was not paid for travel time between jobs, which could be up to three (3) hours per day. Some days she was sent to New Jersey in the morning and then Westchester County, New York and was not paid for traveling between the job sites.

## STATEMENT OF CLAIM
### COUNT I
### [Violation of the Fair Labor Standards Act]

38.    Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "37" of this Complaint as if fully set forth herein.

39.    At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).  Further, Plaintiff is a covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

40.    At all relevant times, Defendants employed Plaintiff and other similarly situated employees, within the meaning of the FLSA.

41.    Upon information and belief, at all relevant times, the corporate defendant had gross revenues in excess of $500,000.

42.    Plaintiff worked hours for which she was not paid any wages.

43.    Plaintiff was entitled to be paid at the rate of time and one-half her regular rate of pay when higher than the applicable minimum wage, for hours worked in excess of forty (40) each workweek.

7

44.    The Defendants failed to pay Plaintiff wages for all hours worked, and overtime compensation, at all relevant times, in the lawful amount for all hours worked.

45.    At all relevant times, the Defendants had, and continue to have, a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for all hours worked in excess of forty (40) hours per work week, which violated the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

46.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff owed wages and the statutory overtime rate of time and one-half, for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of wages and overtime pay would financially injure Plaintiff.

47.    The Defendants have failed to make, keep and preserve accurate records with respect to Plaintiff sufficient to determine the wages, hours and other conditions and practices of employment, in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

48.    Records concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff may be false or inaccurate.

49.    Defendants failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

50.    As a direct and proximate result of Defendants' disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

51.     Due to the unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

52.     Plaintiff is entitled to an award of her reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**[Violation of the New York Labor Law]**

53.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "52" of this Complaint as if fully set forth herein.

54.     At all relevant times Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

55.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay wages in the lawful amount for all hours worked.

56.     The corporate and individual Defendants knowingly and willfully violated Plaintiff's rights by failing to pay overtime compensation at rates of not less than one and one-half, for each hour worked in excess of forty (40) hours in a workweek.

57.     Each of the Defendants knowingly and willfully violated Plaintiff's rights by failing to pay "spread of hours" premiums to Plaintiff for each day she worked in excess of ten (10) pursuant to New York State Department of Labor Regulations §§ 137-1.7; 142-2.4.

58.     Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants unpaid wages; unpaid overtime wages; unpaid "spread of hours" premiums; reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiff also seeks liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
### [Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]

59.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "58" of this Complaint as if fully set forth herein.

60.     The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

61.     The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

62.     Defendants did not provide Plaintiff, with an accurate written statement properly accounting for her actual hours worked, and setting forth her hourly rate of pay, regular wages, and/or overtime wages.

63.     Upon information and belief, Defendants' record keeping practices were intended to, and did in fact, disguise the actual number of hours Plaintiff worked, in order to avoid paying her for her full hours worked; and, overtime due.

64.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate timesheets and payroll records.

65.     Plaintiff was not provided with true and accurate wage statements as required by law.

66.     Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, are liable for civil penalties, attorneys' fees, and costs.

10

67.	As a result of Defendant's violations of New York Labor Law § 195(3), Plaintiff may recover damages of one hundred dollars for each work week Defendants failed to provide Plaintiff with wage notices, not to exceed a total of five thousand dollars ($5,000), together with costs and reasonable attorney's fees in accordance with New York Labor Law § 198 (1-d).

68.	Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act and as such are liable for civil penalties, attorneys' fees, and costs.

## COUNT IV
### [Violation of New York Labor Law – Failure to Pay Timely Wages]

69.	Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "68" of this Complaint as if fully set forth herein.

70.	The timely payment of wages provision of New York Labor Law § 191 and its supporting regulations apply to Defendants and protect Plaintiff from untimely payment of wages.

71.	Defendants are each an employer within the meaning of New York Labor Law §§ 190 and 651.

72.	Plaintiff is a "manual worker" within the meaning of New York Labor Law § 190(4).

73.	As manual worker, Defendants were required to pay plaintiff "not later than seven days after the end of the week in which the wages are earned" as required by New York Labor Law § 191(1)(a)(i).

74.	With Defendants paying Plaintiff twice monthly, Defendants did not pay Plaintiff for the first seven (7) days she worked during each pay period within seven (7) days after the end

of the week in which the wages were earned. Plaintiff did not agree to be paid long after each pay period.

75.     Often, Plaintiffs wages were paid long after the fifteen (15) days that Defendants purported to pay them, or not at all.

76.     Defendants failed to pay on a timely basis as required by New York Labor Law § 191(1)(a).

77.     Due to Defendants' violations of the New York Labor Law, Plaintiff is entitled to recover from Defendants the amount of her unpaid wages, as well as untimely paid wages as liquidated damages, reasonable attorneys' fees and costs, pre-judgment and post-judgment interest as provided for by New York Labor Law § 198.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief:

(a)     An award of unpaid wages, and overtime due under the FLSA and New York Labor Law;

(b)     An award of unpaid "spread of hours" premiums due under the New York Labor Law;

(c)     An award of statutory damages for failure to provide wage notices and wage statements, pursuant to the New York State Wage Theft Prevention Act;

(d)     An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

(e)     An award of damages as a result of Defendants' untimely payment of wages, pursuant to the New York Labor Law, and implementing regulations.

(f)     An award of prejudgment and post-judgment interest;

(g)    An award of costs and expenses associated with this action, together with

reasonable attorneys' fees;

(h)    Such other further and different relief as this Court determines to be just and

proper under the circumstances.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial

by jury on all issues.

Dated: New York, New York
      July 13, 2026

Respectfully submitted,

CILENTI & COOPER, PLLC
**Counsel for Plaintiff**
60 East 42nd Street – 40th Floor
New York, NY 10165
Telephone  (212) 209-3933
Facsimile  (212) 209-7102
pcooper@jcpclaw.com

By:  _____
         Peter Hans Cooper  (PHC 4714)

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, Blanca Avila, am an employee currently or formerly employed by Hoffman Cleaning Service, LLC, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
July 9, 2026

Blanca Avila